UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

GARY MASON,

           Defendant.

No. CR-08-141-FVS

ORDER DENYING MOTION TO REDUCE SENTENCE

**THIS MATTER** comes before the Court based upon the defendant's motion to reduce his sentence. He is representing himself.

**BACKGROUND**

On February 23, 2009, the defendant entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to two counts of possession of a controlled substance with the intent to distribute it. The government agreed he could recommend a sentence of 92 months or more. He agreed the government could recommend a sentence of 100 months or less. He further agreed he would not file a post-conviction motion challenging either his conviction or sentence if the Court imposed a sentence of 96 months or less. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1993) (knowing and voluntary waiver of post-conviction remedies is enforceable). On June 9, 2009, the Court sentenced the defendant to a term of 96 months imprisonment. Less than five months later, he asked the Court to reduce his sentence pursuant to an amendment to the United States Sentencing Guidelines that, in his opinion, applies to his case. 18 U.S.C. § 3582(c)(2).

ORDER - 1

**RULING**

"'As a general matter, courts may not alter a term of imprisonment once it has been imposed.'" *United States v. Leniear*, 574 F.3d 668, 673 (9th Cir.2009) (quoting *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir.2007)). "However," as the Ninth Circuit explained in *Leniear*, "18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission'; and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting § 3582(c)(2)). The defendant has not identified any action of the Sentencing Commission after June 9, 2009, that would have lowered his guideline range at the time of sentencing were it applied retroactively. Consequently, the Court lacks authority to modify the defendant's sentence.

**IT IS HEREBY ORDERED:**

1. The defendant's motion to appoint counsel and modify his sentence (**Ct. Rec. 74**) is **denied.**

2. The defendant's motion for a status report (**Ct. Rec. 75**) is **denied.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the government.

**DATED** this ___17th___ day of May, 2010.

s/ Fred Van Sickle<br>Fred Van Sickle<br>Senior United States District Judge

ORDER - 2