UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>GARY MASON,<br><br>                    Defendant. | No. CR-08-141-FVS<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR MODIFICATION<br>OF SENTENCE |

**THIS MATTER** comes before the Court without oral argument based upon Gary Mason's "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)." He is represented by Gerald R. Smith; the government by Aine Ahmed.

   **BACKGROUND**

   On February 23, 2009, Gary Mason and the government presented a binding plea agreement to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Mr. Mason offered to plead guilty to two counts of the crime of possession with intent to distribute cocaine base, *i.e.*, "crack cocaine." 21 U.S.C. § 841(a)(1). The parties agreed his "final adjusted offense level [was] twenty-three[.]" (Plea Agreement, ¶ 8(d), at 8.) At the same time, they expressly refrained from making any representation regarding his criminal history score. (*Id.*, ¶ 8(e), at 8.) Despite the absence of any agreement concerning Mr. Mason's criminal history score, the

Order - 1

parties jointly proposed a binding sentencing range to the Court; namely, that Mr. Mason be sentenced to no fewer than 96, but no more than 100, months in prison.  (*Id.*, ¶ 9, at 9.)  As it turned out, Mr. Mason had a criminal history score of 20, which placed him in criminal history category VI.  His guideline range was 92-115 months imprisonment.  On June 9, 2009, the Court accepted the parties' 11(c)(1)(C) plea agreement and sentenced Mr. Mason to a term of 96 months.  He is currently serving that term.  During 2011, the Sentencing Commission proposed an amendment to the Sentencing Guidelines that reduces the base offense level for drug-trafficking crimes involving cocaine base.  The amendment, which is Amendment 750, took effect on November 1, 2011, and it applies retroactively to Mr. Mason's case.  *Cf. United States v. Curet*, 670 F.3d 296, 309 (1st Cir.2012) (explaining the interaction between the Fair Sentencing Act of 2010 and Amendment 750).  On March 20, 2012, he filed a motion seeking resentencing pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750.  Counsel has been appointed to represent him.

**RULING**

Section 3582(c)(2) authorizes a district court to modify a sentence of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment **based on a sentencing range** that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  (Emphasis added.)  Applying § 3582(c)(2) can be tricky when the government and the defendant jointly present a binding sentence pursuant to Rule 11(c)(1)(C) and the court subsequently accepts the agreement and imposes the sentence the parties agreed

upon.  In such cases, the question arises:  Was the defendant's sentence based upon a guideline range, or was his sentence based upon the terms of the 11(c)(1)(C) agreement?  If the latter, then § 3582(c)(2) is inapplicable and the court lacks authority to modify the prisoner's sentence.  *See Freeman v. United States*, 564 U.S. ----, 131 S.Ct. 2685, 2696-97, 180 L.Ed.2d 519 (2011) (Sotomayor, J., concurring).

In *United States v. Austin*, 676 F.3d 924, 928 (9th Cir. 2012), the Ninth Circuit concluded that, as a general rule, a district court lacks authority under § 3582(c)(2) to modify a prison sentence that the court imposed after accepting a 11(c)(1)(C) plea agreement.  However, there are two exceptions to this rule.  "The first exception is when a (C) agreement itself 'call[s] for the defendant to be sentenced within a particular Guidelines sentencing range,' which the court then accepts."  *Austin*, 676 F.3d at 928 (quoting *Freeman*, 564 U.S. at ----, 131 S.Ct. at 2697 (Sotomayor, J., concurring)).  The second exception is "'when a (C) agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2).'"  *Id.* (quoting *Freeman*, 564 U.S. at ----, 131 S.Ct. at 2697-98 (Sotomayor, J., concurring).  Mr. Mason is relying upon the second exception.

In *Austin*, the Ninth Circuit explained the showing a federal prisoner must make in order to qualify for resentencing under the second exception.  Either "a Guidelines sentencing range must be 'evident from the agreement itself' or it must 'expressly use' a

Order - 3

Guidelines range."  676 F.3d at 930 (quoting *Freeman*, 564 U.S. at ----, 131 S.Ct. at 2697-98 (Sotomayor, J., concurring).  Whether either situation exists depends upon the terms of the plea agreement.  An oral understanding between the parties concerning a defendant's guideline range is insufficient to trigger the second exception.  As Justice Sotomayor observed in *Freeman*, "'[T]he mere fact that the parties . . . may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon.'"  *Id.* at 928 (quoting *Freeman*, 564 U.S. at ----, 131 S.Ct. at 2696-97 (Sotomayor, J., concurring).

Two pieces of information are necessary in order to calculate a guideline range.  One is an adjusted offense level.  U.S.S.G. § 1B1.1(a).  This is set forth in Mr. Mason's plea agreement.  The parties expressly agreed he had an adjusted offense level of 23.  Thus, one of the two critical pieces of information is present.  The other is Mr. Mason's criminal history category.  U.S.S.G. § 1B1.1(a).  He forthrightly concedes the plea agreement does not contain one.  He insists, nonetheless, the parties were well aware that he had an extensive criminal history and that he likely would fall within criminal history category VI.  A person who falls in criminal history category VI, and whose offense level is 23, has a guideline range of 92-115 months.  Mr. Mason maintains the parties had this range in mind when they drafted the plea agreement; which is why they agreed his prison sentence should be at least 96, but not more than 100, months.

Mr. Mason may have correctly described the parties' subjective

expectations concerning his criminal history category.  However, they did not reduce them to writing.  Consequently, it is impossible to calculate Mr. Mason's guideline range based upon the information that is contained in the plea agreement.  *See Austin*, 676 F.3d at 930.  As a result, one cannot say the plea agreement contains a guideline range or that a guideline range is evident in the plea agreement.  Thus, when the Court ordered Mr. Mason to serve 96 months in prison, it did not do so based upon a guideline range.  To the contrary, the Court imposed a 96-month prison sentence based upon the terms of an 11(c)(1)(C) plea agreement.  Since Mr. Mason's term of imprisonment is based upon an 11(c)(1)(C) plea agreement, not upon a sentencing range that had been adopted by the Sentencing Commission, § 3582(c)(2) is inapplicable.  The Court lacks authority to resentence Mr. Mason.

**IT IS HEREBY ORDERED:**

The defendant's "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (**ECF No. 83**) is **denied.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel and to the defendant.

**DATED** this ___13th___ day of July, 2012.

_____s/ Fred Van Sickle_____
Fred Van Sickle
Senior United States District Judge

Order - 5